# EXHIBIT 1

**EXHIBIT 1 - 001**



UNITED STATES DEPARTMENT OF EDUCATION

THE UNDER SECRETARY

March 10, 2022

The Honorable Ron DeSantis
Governor of Florida
State Capitol
400 S. Monroe Street
Tallahassee, FL  32399-0001

Dear Governor DeSantis:

I write to you regarding certain provisions of SB 7044, recently passed by the Florida legislature. We have concerns about the difficulty Florida universities may face in implementing this legislation.

If enacted as passed on March 9, 2022, the bill would, in part, (a) prohibit a State college or State university from being accredited by the same accrediting agency or association for consecutive accreditation cycles, (b) require State colleges and State universities to seek and obtain accreditation from an accrediting agency or association identified by the Board of Governors or State Board of Education, and (c) provide a cause of action for any postsecondary education institution that is negatively impacted by a retaliatory action by its accrediting agency or association.

Institutions of higher education must be accredited by an accrediting agency recognized by the Department of Education to offer their students Pell Grants, Federal student loans, and other forms of Federal financial aid under the Higher Education Act of 1965, as amended (HEA). There are several provisions of Federal law that may be relevant to your deliberations.

First, Federal law and the Department's regulations contain provisions intended to prevent institutions from changing accreditors in search of lower standards, which may be implicated here. Specifically, section 496(h) of the HEA (20 U.S.C. § 1099b(h)), and the Department's implementing regulation at 34 C.F.R. § 600.11(a), prohibits the Secretary from recognizing the accreditation of an otherwise-eligible institution of higher education for purposes of participation in HEA programs, when that institution is in the process of changing accrediting agencies, unless the institution satisfies certain conditions and receives approval from the Secretary. Among other requirements, an institution must submit materials to the Department demonstrating reasonable cause for changing its accrediting agency and all materials related to its accreditation or preaccreditation. Moreover, if an institution is subject to an adverse or other negative action—that is, if its accreditation has been withdrawn, revoked or subject to a probation or equivalent, show cause order, or suspension order in the last 24 months—pursuant to 34 C.F.R § 600.11(a)(1)(ii), the Secretary is generally prohibited from determining such cause to be reasonable.

Second, Federal law and the Department's regulations require as a condition of recognition that institutions submit any dispute involving a final denial, withdrawal, or termination of accreditation to initial arbitration prior to any other legal action (section 496 of the HEA (20 U.S.C. § 1099b(e); 34 C.F.R. §§ 600.4(c), 600.6(d), and 602.20(e)).

EXHIBIT 1 - 002

Any State cause of action for institutions against accrediting agencies, such as the one created by SB 7044 for those "negatively impacted by retaliatory action," cannot limit an institution's ability to agree in good faith to submit any dispute to initial arbitration without risking institutions' eligibility to participate in programs under the HEA.

Finally, Federal law and the Department's regulations require that recognized agencies be comprised of a "voluntary membership" (section 496(a)(2) of the HEA (20 U.S.C. 1099b(a)(2)); 34 C.F.R. § 602.14(a)). State requirements that infringe on institutions' choice of accreditor must be consistent with the voluntary membership requirements for federally recognized accrediting agencies to confer eligibility for programs under the HEA. It is not clear to the Department that Florida institutions seeking a new agency, and the agencies accrediting them, would meet the voluntary requirement, which could impact Federal recognition of the accrediting agency and the eligibility of the institutions such agency accredits.

For these reasons, proposals to amend State law must be drafted and implemented carefully to ensure that they do not put institutions and the students they enroll at risk of loss of eligibility for Federal financial aid programs. In addition to the Federal regulatory requirements, the Department urges you to consider the unintended consequences of this law. The steps involved in preparing for accreditation and even changing accreditors may be tedious and costly, which could lead to increased institutional burden and costs that may be passed down to students and families. Additionally, changing accreditors after each accreditation cycle can be an involved process and compromise institutional accountability and quality because it would not allow for a full review of institutional practices and demonstrated continuous improvement brought forward in the prior accreditor review, which is one of the core purposes of accreditation.

We are available to answer any questions that you and your staff may have in addressing these potential conflicts with Federal law, and we look forward to working with you to ensure that the process of institutional accreditation works to benefit all students in Florida.

Sincerely,

James Kvaal

EXHIBIT 1 - 003