UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

   v.                                                   Case No. 0:23-cv-61188

MIGUEL CARDONA, et al.,

   *Defendants*.

_____/

## MOTION FOR CLARIFICATION

    Federal Rule of Civil Procedure 26 and Local Rule 16.1 require all parties in a civil action to participate in a party conference "as soon as practicable and in any event at least twenty-one (21) days before a scheduling conference is held or a scheduling order is due." Defendants contend they were served on July 6, 2023,[1] which would make the deadline for the party conference September 13, 2023. Local Rule 16.1(b)(1); Fed. R. Civ. P. 26(f)(1) (requiring party conference to be held at least 21 days prior to the date a scheduling order is due); Fed. R. Civ. P. 16(b) (requiring a scheduling order to be entered "the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared").

    Florida has asked Defendants to schedule the party conference in the coming weeks. Defendants, however, have refused to schedule a party conference, claiming that this action

---

[1] Florida believes that Defendants were served on July 3, but for the purpose of this motion declines to contest Defendants' position.

1

is exempt from the requirements of Rule 26 and Local Rule 16.1 because this is "an action for review on an administrative record" under Rule 26(a)(1)(B)(i).

Defendants misread Rule 26 and Local Rule 16.1. Moreover, Defendants have indicated to Florida in email communications that, at least with respect to Florida's constitutional claims, they do not plan to produce an administrative record, making it impossible for the Court to review those claims "on an administrative record." As such, the State moves for an order clarifying that Defendants are required to hold the party conference.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(f) requires parties in all civil matters to confer for the purpose of preparing a report or for a scheduling conference. Exempt from that requirement are "proceeding[s] exempted from initial disclosure under Rule 26(a)(1)(B)," which includes "an action for review on an administrative record." Fed. R. Civ P. 26(a)(1)(B)(i), (f)(1).

Here, Florida brings three claims under the Constitution and one claim under the Administrative Procedure Act (APA). Doc. 1 at 31–39. While APA claims are generally decided on an administrative record, *see Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996), constitutional claims like the ones Florida brings in Counts 1–3 are not. In fact, counsel for Defendants represented to counsel for Florida that "if [Florida's] APA claims proceeded [after a motion to dismiss], production of an administrative record would be the most appropriate next step, but that would not be necessary for constitutional claims." Ex. 1 at 1. In the absence of an administrative record, Rule 26(f)'s conference requirements apply. *See Nat'l Ass'n of Postal Supervisors v. U.S. Postal Serv.*, No. 1:19-cv-2236, 2023 WL 5221367, at *3 (D.D.C. Aug. 15, 2023).

During conferrals, Defendants proffered two reasons why this action is exempt from the party conference requirement. First, Defendants argued that Florida's constitutional claims are claims under the APA. But Florida does not rely on the APA for its constitutional causes of action. *See Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010) (recognizing an implied right of action for constitutional claims such as separation of powers claims). And if the Defendants contest the availability of those causes of action, that goes to the *viability* of Florida's constitutional claims, not the nature of Florida's constitutional claims. *See S.R. v. Kenton Cnty. Sheriff's Office*, No. 15-143, 2015 WL 12977103, at *1 (E.D. Ky. Nov. 3, 2015) ("[T]he mere existence of what defendants believe to be complete defenses to plaintiffs' claims does not mean that a Rule 26(f) conference should not be held."). As pled, Florida's constitutional claims do not rely on the APA for their cause of action. They are therefore not subject to review based on an administrative record.

To be clear, Florida has not raised these constitutional claims in an attempt to circumvent the APA. *See Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) ("[D]istrict courts have been hesitant to permit a plaintiff asserting a constitutional challenge to agency action to avoid the APA's bar on extra-record evidence."). Florida's constitutional claims do not hinge on any particular agency action and present almost entirely distinct questions of law and fact from its APA claims. Specifically, Florida's constitutional claims seek wholesale invalidation of federal statutory provisions. Florida's APA claim, by contrast, challenges only certain actions taken pursuant to those provisions. Moreover, relief under the APA would only partially redress Florida's injury, which is why Florida's prayer for relief asks the Court to rule on the APA claim only if it rejects Florida's constitutional

claims. Doc. 1 at 40. In sum, Florida raises unique claims independent of any APA claim that are not exempt from Rule 26's requirements.

Second, Defendants have indicated that they intend to oppose discovery and therefore do not intend to hold the party conference. Refusing to hold a party conference, however, is not a proper method to oppose discovery. In fact, part of the purpose of the party conference is to discuss whether the parties intend to seek discovery. *See Kenton Cnty. Sheriff's Office*, 2015 WL 12977103, at *1 (noting that Rule 26 "specifically contemplates the parties discussing claims and defenses which may affect the timing and nature of discovery"). And if Florida seeks discovery against Defendants, Defendants are free to move to stay discovery or to object. *See Gilles-Jean v. Royal Caribbean Cruises, Ltd.*, No. 22-22780, 2023 WL 3043403, at *2 (S.D. Fla. Apr. 21, 2023) (noting that parties with discovery disputes "are free to resort to our discovery disputes resolution procedures, where they will be afforded the opportunity to raise any timely and appropriate discovery objections they may have").

Florida is not asking this Court to authorize discovery, and it is not asking for a ruling on the viability of its constitutional claims. All these issues will be addressed in the ordinary course. And if Defendants want discovery stayed, they are free to move this Court for that relief. But given that this case is not exclusively "an action for review on an administrative record," and given that Defendants already conceded that point, Ex. 1 at 1, Defendants must abide by the deadlines of Rule 26 and Local Rule 16.1 and attend the party conference.

Accordingly, Florida respectfully requests that this Court clarify that the parties are obligated to comply with Local Rule 16.1 and Federal Rule of Civil Procedure 26(f).

4

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

*/s/ Natalie P. Christmas*
Natalie P. Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
natalie.christmas@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF GOOD FAITH CONFERNCE

Counsel for Florida conferred with counsel for Defendants by email. Counsel for Defendants requested that Florida convey their positions as follows: "Defendants oppose Plaintiff's request and intend promptly to file a response."

<i>/s/ Natalie P. Christmas</i><br>
Natalie P. Christmas

## **CERTIFICATE OF SERVICE**

I certify that on September 5, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system.

*/s/ Natalie P. Christmas*
Natalie P. Christmas