# Natalie Christmas

| | |
|---|---|
| **From:** | Talmor, Kate (CIV) <Kate.Talmor@usdoj.gov> |
| **Sent:** | Wednesday, August 23, 2023 2:36 PM |
| **To:** | Natalie Christmas |
| **Subject:** | RE: Florida v. Cardona--proposed stipulation |

Thanks for your response, Natalie, and thanks for the explanation.

I'm generally all for open lines of communication—both between us and with the court—but I don't understand what a scheduling conference might accomplish here. I'll be moving to dismiss the complaint in full for failure to state a claim, which means our position is that the litigation should not move forward at all. Obviously you will oppose all of those arguments, but I don't think any schedule for further litigation *can* reasonably be determined until the court rules on that motion, and we can't control how quickly the court will rule, of course. And if any of your claims survive that motion, I think the appropriate further proceedings would depend, in part, on which claims survive; for instance, if your APA claims proceeded, production of an administrative record would be the most appropriate next step, but that would not be necessary for constitutional claims. I would also note that moving to dismiss will tee up the merits of issues raised in your complaint faster than if the government were instead to answer or raise only jurisdictional issues, which means that the "pace of this litigation" may move considerably faster than the pace of typical federal litigation, particularly against the federal government.

Given all of this, a scheduling conference would seem, to me, to be a waste of the court's and the parties' time, since there's nothing for the court to schedule (other than oral argument) until we know which claims, if any, survive. If, however, the purpose of your request is in the hopes of having the court schedule a prompt oral argument after the close of briefing, I think we could agree to propose/request it in our joint stipulation.

Please let me know what you think of this—and if your team still wants to insist on requesting a scheduling conference, please explain the purpose.

Kate Talmor

---

**From:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Sent:** Wednesday, August 23, 2023 2:18 PM
**To:** Talmor, Kate (CIV) <Kate.Talmor@usdoj.gov>
**Subject:** [EXTERNAL] RE: Florida v. Cardona--proposed stipulation

Hi Kate,

I talked to my team, and we are generally amenable to the schedule we discussed on the phone: September 15 for the MTD (10 day extension), 28 days after that for our response (14 day extension), and 10 days for your reply (3 day extension). My team is just a little concerned about the pace of this litigation, so I think I can only agree to that schedule it if we can agree to have a scheduling conference in the next two weeks to get a plan for the rest of the litigation. That way I'll be able to give them a clearer view of the timing going forward.

Let me know if that works.
Thanks,
Natalie

**From:** Natalie Christmas
**Sent:** Wednesday, August 23, 2023 10:39 AM
**To:** Kate.Talmor@usdoj.gov
**Subject:** RE: Florida v. Cardona--proposed stipulation

Hi Kate,

Thanks for reaching out. I talked to my team, and I think we can agree to most of your proposal. We dispute the current response date and still think that your current response is due September 1, but don't need to press that issue if we can agree on a schedule. Given that the federal government already gets 60 days on the response, we propose the following schedule to more equitably distribute the briefing schedule. This schedule would give you an extra 7 days from 9/5 and then give us an extra 14 days to respond.

Motion to Dismiss: September 12
Response: October 10
Reply: October 20

The 35-35-15 page proposal works for us if we can come to an agreement on the schedule.

Happy to talk further.
Best,
Natalie



Natalie Christmas
Counselor to the Attorney General
Office of the Attorney General
PL-01 The Capitol | Tallahassee, FL 32399-1050
Tel.:
E-mail: Natalie.christmas@myfloridalegal.com

**From:** Talmor, Kate (CIV) <Kate.Talmor@usdoj.gov>
**Sent:** Tuesday, August 22, 2023 4:59 PM
**To:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Subject:** Florida v. Cardona--proposed stipulation

Hi Natalie—

Thanks for speaking with me just now, and it is nice to "meet" you.

As we discussed, I'm proposing a short extension of time and enlargement of pages, ideally to be filed as a joint stipulation, to account for the number and complexity of claims. My current response date is 9/5; I'm proposing to extend that by 10 days, to 9/15, with a commensurate 10 day extension on your opposition, to 10/9. For both of those briefs, I propose 35 pages. For my reply, I'd ask that the 7-day deadline be extended slightly to 10 (10/19), and 15 total pages. Of course, if your team thinks they might want a longer extension or additional pages, I'm certainly open to alternate proposals, but wanted to present you with the smallest possible extension/enlargement that seems reasonable given my other deadlines and the issues raised in your complaint.

Please let me know if it would be helpful to discuss further, and I look forward to hearing from you. Have a great afternoon!

**Kate Talmor**
Trial Attorney | United States Department of Justice | Civil Division
Federal Programs Branch
1100 L Street NW | Washington, DC 20005
☎ ▓▓▓▓▓▓▓▓ | ✉ kate.talmor@usdoj.gov