UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 23-61188-civ-SMITH

STATE OF FLORIDA,

    Plaintiff,

v.

MIGUEL CARDONA, in his official
capacity as Secretary of Education, et al.,

    Defendants.

_____

**JOINT SCHEDULING REPORT**

Pursuant to Rule 16.1(b) of the Local Rules for the U.S. District Court for the Southern District of Florida and this Court's Order dated September 7, 2023 (Doc. 9), counsel for Florida and counsel for Defendants the U.S. Department of Education, et al. ("the Department") have met and conferred and hereby submit this Joint Scheduling Report. The Parties have diverging views on how this case should proceed that inform their responses in this report.

**Florida's Position:** Florida brings three constitutional claims and one claim under the Administrative Procedure Act. Florida contends that although its claims are largely legal in nature, there may be some factual development that is necessary for resolution of the case. Accordingly, Florida has proposed a schedule, *see* Ex. 1

1

(Florida's Proposed Scheduling Order), that will expeditiously resolve its claims, while still allowing full ventilation of any factual issues.

To the extent Defendants argue that discovery is not appropriate or should be postponed indefinitely, Florida contends that the issue should be appropriately presented to the Court through discovery practice or a motion to stay discovery, not this report. As such, to the extent the Court is considering staying discovery in this case, the State respectfully requests that the parties be allowed to fully brief the issue.

**The Department's Position:** The Department has filed a dispositive motion presenting pure questions of law, which will allow the Court to fully resolve this matter. The Department thus respectfully submits that allowing factual discovery before resolution of that motion would not be appropriate, and that the Court should rule on the Department's pending motion before entering any further scheduling orders, for the following reasons.[1]

Binding circuit precedent establishes that discovery should not be permitted until the Department's motion is resolved. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [] be resolved before discovery begins," because "[s]uch a dispute always presents a purely legal question" with "no issues of fact because the allegations … are presumed to be true." *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Permitting discovery on a legally deficient claim "waste[s] the resources of the

---

[1] Accordingly, the Department is not submitting a proposed scheduling order herewith.

litigants … delay[s] resolution of disputes between other litigants, squander[s] scarce judicial resources, and damage[s] the integrity and the public's perception of the federal judicial system." *Id.* at 1368; *see also, e.g.*, *Diulus v. American Express Travel Rel. Svcs. Co.*, 823 Fed. Appx. 843, 847 (11th Cir. 2020) ("This court has held that a district court should resolve a motion to dismiss before allowing discovery").

Even apart from the Eleventh Circuit's clear instruction about the timing of discovery, it would be particularly wasteful here because *the merits* of Florida's claims present no factual issues whatsoever. Florida's first three claims allege violations of the Constitution: that the statutory scheme governing accreditation of colleges and universities violates the private non-delegation doctrine, the Appointments Clause, and the Spending Clause. As demonstrated in the Department's pending Motion to Dismiss, Florida's constitutional challenges allege *structural* violations of the constitution—*i.e.*, facial challenges that routinely are decided as a matter of law and do not turn on the underlying facts in which the dispute arose—and are briefed in full, on the merits, in the Department's pending Motion. Florida cannot support any need to propound discovery on, *inter alia*, the meaning or application of the Appointments or Spending Clauses, and its vague assertion herein that "there may be some factual development that is necessary for resolution of the case," is unsubstantiated speculation and unpersuasive. No factual disputes are presented by Florida's final claim, brought under the Administrative Procedure Act, either. Florida admits *infra* § L that its APA claim is governed by the record-review rule, meaning that, if any aspect survived the Department's motion, the Court's review would be limited to the

administrative record presented by the agency. *See Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246-47 (11th Cir. 1996); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237-38 (D.N.M. 2014). This is especially true here, where Florida already has a pending, related matter under the Freedom of Information Act, in which the Department is producing documents that likely would overlap with the administrative record for this case. *See State of Florida v. U.S. Dep't of Education*, Civil Action No. 23-60991 (S.D. Fla. filed May 26, 2023). Indeed, courts in this district routinely grant requests by the government to stay discovery in cases challenging agency action. *See, e.g.*, *Arias v. Vicha*, No. 1:20-cv-24227-MGC, ECF No. 8 (S.D. Fla. Dec. 7, 2020).

The barebones initial disclosures Florida recently served on the Department[2] underscores that it needs no factual development to press any of its claims. Florida indicated that the only documents it may use to support its claims (aside from those provided in the Complaint) include "Documents reflecting institutional costs associated with accreditation," and "Correspondence" between the Department and Florida schools. Similarly, it identified only two state employees as potential witnesses, whom it could call to testify on the "Impact of the challenged laws and policy on Florida colleges." But this evidence would all go to either Florida's standing or the ripeness of its claims—and the Department has not even challenged Florida's standing, so "costs" and "impacts" have no relevance to the legal questions necessary

---

[2] The Department has not served initial disclosures because this matter is exempt under Federal Rule of Civil Procedure 26(a)(1)(B).

to decide this case. Although initial disclosures relate, of course, to documents the disclosing party has in its possession, rather than those it hopes to obtain, the fact that Florida's disclosures are devoid of any information that it would use to support the *merits* of its claims strongly supports the Department's position that this case presents only pure questions of law.

**(A) Likelihood of Settlement.**

At this point, the prospects for settlement are unlikely given the nature of the claims, but the parties will diligently seek resolution of these claims as appropriate.

Given the nature of the claims at issue, the Parties think that mediation would be an inefficient use of resources. Accordingly, the Parties request that the Court exempt this case from the mediation requirements in Local Rule 16.2.

**(B) Likelihood of Appearance in the Action of Additional Parties.**

It is not likely that additional parties will be added to this action.

**(C) Proposed Limits on Time**

Florida proposes the following deadlines:

- Joinder of other parties and amendment of pleadings: December 15, 2023
- Close of discovery: February 15, 2024
- Dispositive Motions: March 15, 2024.

As explained above, the Department already has filed a dispositive motion briefing the merits of Florida's claims. The Department respectfully submits that this

motion is likely to fully resolve Florida's claims and should be resolved before further deadlines or proceedings are set.

### (D) Proposal for Formulation and Simplification of Issues.

The Parties do not have any proposals for the formulation or simplification of any issues at this time. The Parties will work to formulate and simplify the issues in this action as this case progresses.

### (E) Necessity or Desirability of Amendments to the Pleadings.

At this time, Florida does not anticipate the necessity or desirability of amending the pleadings.

### (F) Possibility of Obtaining Admissions of Fact and Documents.

Florida will work to obtain admissions and stipulations that will avoid unnecessary proof at trial should this case require a trial. Florida anticipates that it will be able to stipulate to certain basic facts underlying the case if the need arises.

The Department maintains that none of Florida's claims present any factual issues for resolution by this Court. Even if some aspect of Florida's Complaint survives the Department's Motion to Dismiss, any such claims still would present pure questions of law for resolution on the administrative record produced by the agency.

### (G) Avoidance of Unnecessary Proof and Cumulative Evidence.

Given the nature of the claims at issue, the Parties do not believe there will be significant risks of the presentation of cumulative evidence and unnecessary proof. The Parties will work together to resolve issues should they arise.

**(H) Referral of Matters to a Magistrate Judge or Master.**

The Parties do not consent to refer any matters to a Magistrate Judge or Master.

**(I) Preliminary Estimate of Time Required for Trial.**

The parties believe that the Court will likely be able to resolve this case without a trial given the nature of the claims at issue. To the extent a trial is necessary, Florida estimates that the trial will take approximately 2–3 days.

The Department maintains that a trial would not be appropriate in a case presenting only structural constitutional claims and APA claims which, under binding precedent, must be resolved on the administrative record.

**(J) Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial.**

Florida proposes a tentative trial date in the Court's two-week trial calendar beginning on December 2, 2024, and a calendar call to be held on November 26, 2024.

The Department maintains that a trial would not be appropriate in a case presenting only structural constitutional claims and APA claims which, under binding precedent, must be resolved on the administrative record.

**(K) Additional Information Regarding Electronically-Stored Information ("ESI") and Claims of Privilege.**

Because all parties are government entities or officers with obligations to retain public records, they do not anticipate any disputes or issues to arise involving electronically stored information or claims of privilege or protection as to trial-

preparation materials. To the extent relevant the Parties will refer to the Court's ESI Checklist available on the Court's website.

**(L) Other Information That Might Be Helpful to the Court.**

<u>Date of Production of the Administrative Record:</u>

Florida's Administrative Procedure Act claim, Doc. 1 at 37–39, is governed by the record rule. *See Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996). As such, Florida proposes that the deadline for Defendants to produce the administrative record be the earlier of 120 days from the entry of the Court's scheduling order or 30 days after the Court rules on Defendants' motion to dismiss, Doc 11.

The Department respectfully contends that this Court should resolve its pending Motion to Dismiss before the Department expends the significant resources necessary to compile administrative records for each of the three agency documents challenged in this case. If any aspect of Florida's APA claim survives dismissal, however, the Department agrees to produce the administrative records within 60 days of this Court's ruling.

        Respectfully submitted,

        Ashley Moody
        ATTORNEY GENERAL

        John Guard (FBN 374600)
        CHIEF DEPUTY ATTORNEY GENERAL

        James H. Percival (FBN 1016188)
        CHIEF OF STAFF

        Henry Whitaker (FBN 1031175)
        SOLICITOR GENERAL

        */s/ Natalie Christmas*
        Natalie Christmas (FBN 1019180)
        COUNSELOR TO THE ATTORNEY GENERAL

        Anita J. Patel (FBN 0070214)
        ASSISTANT BUREAU CHIEF

        Office of the Attorney General
        The Capitol, Pl-01
        Tallahassee, Florida 32399-1050
        (850) 414-3300
        (850) 410-2672 (fax)
        Natalie.christmas@myfloridalegal.com

        *Counsel for the State of Florida*

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

 /s/ Kate Talmor
KATE TALMOR
(Maryland Bar)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
(202) 305-5267
kate.talmor@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 5, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Natalie Christmas*
Counselor to the Attorney General
