UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 23-61188-civ-SMITH

STATE OF FLORIDA,

    Plaintiff,

v.

MIGUEL CARDONA, in his official
capacity as Secretary of Education, et al.,

    Defendants.

_____

### FLORIDA'S MOTION TO ENFORCE THIS COURT'S ORDER OR IN THE ALTERNATIVE TO REQUIRE INITIAL DISCLOSURES

On September 5, 2023, Plaintiff the State of Florida sought this Court's intervention because Defendants "refused to schedule a party conference." Doc. 8 at 1. Two days later, this Court entered an order requiring the parties to hold a scheduling conference. Doc. 9. It then denied Florida's motion because "[n]othing in the record indicates that Defendants will not comply with the Court's Order." Doc. 10 at 1.

Unfortunately, Florida must once again seek this Court's intervention. Despite this Court ordering that "[i]nitial disclosures . . . must be made at or before the time the parties confer," Doc. 9 at 2, Defendants have categorically refused to provide those disclosures. And that failure is now impeding Florida's right to probe evidence placed into the record by Defendants.

1

## BACKGROUND

In this case, Florida brings three claims under the Constitution and one claim under the Administrative Procedure Act (APA). Doc. 1 at 31–39. Initially, the parties disputed whether this case is a "proceeding exempted from initial disclosure under Rule 26(a)(1)(B)." Doc. 8 at 2 (quoting Fed. R. Civ. P. 26(a)(1)(B)(i)). Florida therefore moved for clarification on that question and sought an order requiring Defendants to hold a Rule 26(f) scheduling conference. *See* Doc. 8.

Two days later, the Court entered an order requiring the parties to prepare a scheduling report, among other things. Doc. 9. As relevant here, the order stated that "[i]nitial disclosures required under Federal Rule of Civil Procedure 26(a)(1) must be made at or before the time the parties confer to develop their case management and discovery plan." Doc. 9 at 2. Having entered this order, the Court denied Florida's motion because "[n]othing in the record indicate[d] that Defendants [would] not comply with the Court's Order." Doc. 10 at 1. Despite complying with the Court's order to prepare a scheduling report, *see* Doc. 16, Defendants have refused to provide initial disclosures.

Given more recent developments, Defendants' failure is causing the State significant prejudice. Specifically, Defendants have now made a "factual attack on subject-matter jurisdiction," Doc. 11 at 36 n.16, and attached a declaration in support of that factual attack, Doc. 11-1; *see also* Doc. 12-1 (corrected declaration). Under these circumstances, "[a] district court must give the plaintiff an opportunity for discovery" to probe the facts offered in support of the factual attack on jurisdiction. *See Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

In light of these events, Florida has so far sought the minimum necessary discovery— a deposition of Mr. Christopher Miller, the declarant on Defendants' behalf. In response to

Florida's request to depose Mr. Miller, however, Defendants have indicated that they will "not accept service of a subpoena issued to Mr. Miller or otherwise aid Florida's improper attempt to secure his deposition." Ex. 1.

Defendants' position appears to require Florida to personally serve Mr. Miller with a subpoena in order to secure his deposition. *See, e.g.*, *Physicians HealthSource, Inc. v. Anda, Inc.*, 2012 WL 6205044, at * 2 (S.D. Fla. 2012) ("Defendant has failed to establish that of the six employees who it noticed for a deposition any is an officer, director, or managing agent of Plaintiff. Hence, Defendant must subpoena the employees for deposition."). Florida, however, cannot do so because Defendants refuse to provide his address or contact information as part of their initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

## ARGUMENT

Rule 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Under Rule 26(a), a party must provide initial disclosures that include "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "[T]he Rule 26(a)(1)(A) Initial Disclosure information is basic information that the parties should share automatically." *Knapp v. Liberator Med. Holdings*, 2016 WL 7626217, at *1 (S.D. Fla. Aug. 17, 2016) (granting motion to compel initial disclosures).

Defendants claim to be exempt from the requirement of Rule 26 disclosures under Rule 26(a)(1)(B)(i), which exempts "action[s] for review on an administrative record."

3

Defendants are wrong for several reasons, and this Court should compel them to file initial disclosures.

First, Florida understands this Court to have already resolved this question. After Florida moved to clarify that this action was subject to the requirements of Rule 26, Doc. 8, this Court ordered the parties to file a proposed case management and discovery plan "as required by Local Rule 16.1," Doc. 9 at 2. Because Local Rule 16.1 only requires conference reports for cases *not exempt from initial disclosures* under Rule 26(a)(1)(B), this Court necessarily concluded that Defendants are required to serve initial disclosures. *See* Local Rule 16.1(b)(1) ("Except in categories of proceedings exempted from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B), . . . counsel for the parties . . . must meet . . . ."). Moreover, the Court's order explicitly required the parties to serve initial disclosures "at or before the time the parties confer to develop their case management and discovery plan." Doc. 9 at 2. As of the filing of this motion, Defendants still refuse to serve initial disclosures despite the Court's orders on the subject.[1]

Second, as explained more fully in Florida's motion for clarification, Doc. 8, this action is not exempt from the requirements of Rule 26. Florida brings claims under both the Constitution and the Administrative Procedure Act (APA). Doc. 1 at 31–39. Florida's

---

[1] Defendants' contention that discovery should be permanently on hold pending their motion to dismiss is also misplaced. *See* Doc. 16 at 2. Defendants rely on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), but that case "does not state a general rule that discovery should be stayed pending resolution of a dispositive motion." *MindbaseHQ LLC v. Google LLC*, 2021 WL 680887, at *2 (S.D. Fla. Feb. 22, 2021) (collecting authorities); *accord Miller's Ale House, Inc. v. DCCM Restaurant Grp.*, 2015 WL 6123984, at *2 (M.D. Fla. Oct. 16, 2015); *Mimbs v. J.A. Cambece Law Office, P.C.*, 2013 WL 11982063, at *1 (S.D. Fla. June 13, 2013). "District courts enjoy broad discretion in deciding how best to manage the cases before them and to set and enforce scheduling deadlines." *Mimbs*, 2013 WL 11982063, at *1. And staying discovery pending a motion to dismiss is "generally disfavored in this district." *MindbaseHQ LLC*, 2021 WL 680887, at *2 (quotations omitted). In any event, as explained below, Defendants' decision to make a factual attack on subject matter jurisdiction separately entitles Florida to discovery.

4

constitutional claims are not governed by the record rule and are subject to normal discovery procedures and requirements. *See* Doc. 8 at 2–3.

Finally, even though review of the merits of Florida's APA claim is governed by the record rule, Defendants have introduced evidence related to the finality of their actions, *see* Doc. 11-1; Doc. 12-1, and Florida is entitled to probe the validity of that evidence. *See Williamson*, 645 F.2d at 414 (When considering a factual attack to subject matter jurisdiction, "[a] district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss."); *see also McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (recognizing that discovery is required to resolve factual challenges to subject matter jurisdiction).

\* \* \*

Let us be clear about what is happening here. Defendants have offered a sworn declaration as a basis for dismissing Florida's case. Simultaneously, they are refusing to make the declarant available for a deposition, and they are violating this Court's order requiring initial disclosures as a means to prevent Florida from serving the declarant with a subpoena. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *DeepGulf, Inc. v. Moszkowiski*, 330 F.RD. 600, 605 (N.D. Fla. 2019) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Here, Defendants have placed facts into the record and relied upon those facts to defeat Florida's claims. Florida may rightly seek further

information related to those facts, and Defendants' attempts to categorically frustrate those efforts are improper.[2]

## CONCLUSION

For the foregoing reasons, the Court should order Defendants to provide initial disclosures including information necessary to serve Mr. Miller with a subpoena (unless they intend to accept service on his behalf).

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

/s/ James H. Percival
James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL

Anita J. Patel (FBN 0070214)
ASSISTANT BUREAU CHIEF

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

---

[2] Florida is currently exploring other means to locate Mr. Miller's address and serve him with a subpoena. But even if Florida is able to do so, Defendants should be ordered to provide initial disclosures as required by the Federal Rules of Civil Procedure and this Court's order.

6

## CERTIFICATE OF CONFERRAL

I certify that counsel for Florida repeatedly sought to resolve this matter via good faith negotiations with counsel for Defendants. Defendants continue to oppose the relief sought.

*/s/ James H. Percival*
Chief of Staff

## CERTIFICATE OF SERVICE

I certify that on October 30, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ James H. Percival*
Chief of Staff
