UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 23-61188-civ-SMITH

STATE OF FLORIDA,

    Plaintiff,

    v.

MIGUEL CARDONA, in his official
capacity as Secretary of Education, et al.,

    Defendants.

_____

**FLORIDA'S REPLY IN SUPPORT OF
MOTION TO ENFORCE THIS COURT'S ORDER
OR IN THE ALTERNATIVE TO COMPEL INITIAL DISCLOSURES**

Instead of moving to stay discovery or otherwise requesting relief from this Court, Defendants have unilaterally halted discovery by ignoring their legal obligations. Indeed, counsel for Defendants have repeatedly insisted in emails that Defendants "will not . . . engage in discovery," *see* Doc. 29-1 at 4, and acted as if those actions alone are an appropriate mechanism to resist discovery. While that practice is arguably sanctionable, *see Psf Tr. 2006-2 v. Ne. Cap. Funding, LLC*, No. 08-80470-civ, 2008 WL 11333495, at *2 (S.D. Fla. Oct. 27, 2008) (ordering sanctions on similar facts), Florida is not asking for sanctions at this time. Instead, the State is merely asking this Court to enforce its prior Order and require Defendants to provide initial disclosures. *See* Doc. 9 at 2 ("Initial disclosures required under [Rule 26(a)(1)] *must* be made at or before the time the parties confer." (emphasis added)).

1

Essentially, Defendants contend that they are entitled to unilaterally stay discovery and ignore this Court's orders based on (1) a pending motion to dismiss and (2) their contested position that no discovery is warranted in this case. Both contentions are wrong.[1]

First, as explained in Florida's motion, a motion to dismiss does not automatically entitle Defendants to ignore their discovery obligations. *See* Doc. 29 at 4 n.1. In this Circuit, "courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion." *Bocciolone v. Solowsky*, No. 08-20200-civ, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (collecting cases); *Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) (similar). Thus, "[a] stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-civ, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012); *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201 (S.D. Fla. 2013) (similar).

Defendants' position, however, is even more out of step with established practice. In lieu of moving to stay discovery, Defendants have simply refused to engage in discovery or otherwise meet their obligations. "It has never been the rule in this district that one party can unilaterally stay proceedings and ignore the comprehensive discovery practices well-established under the Federal Rules of Civil Procedure as well as the Local Rules for the Southern District of Florida." *Psf Tr. 2006-2*, 2008 WL 11333495, at *2 (ordering $1,000 in sanctions); *see also MCR Oil Tools, LLC v. Wireline Well Servs. Tunisia*, No. 3:19-cv-2536, 2021 WL 7906873, at *3 (N.D. Tex. Sept. 27, 2021) ("[A] party cannot refuse to engage in discovery for the sole reason that the discovery is relevant to a claim on which it believes—

---

[1] Defendants are also wrong in suggesting that Florida must obtain "an order authorizing discovery." Doc. 29-1 at 3. Absent a court order stating otherwise, discovery begins immediately after the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1).

justifiably so or not—it will or should prevail."). And this Court should not condone their attempts to obstruct the normal mechanisms of civil procedure.

Second, Defendants base their refusal to engage in discovery on an incorrect assertion that no discovery is warranted in this case. Doc. 30 at 6–7. Although Florida's Administrative Procedure Act (APA) claim is governed by the record rule, Florida's constitutional claims, which seek distinct and more expansive relief than its APA claim, Doc. 1 at 40, are not. It is common for constitutional challenges, like Florida's, to go to trial. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 92 (1984) (discussing a "lengthy trial" for a Spending Clause challenge); *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 845 (1992) (discussing a "3-day bench trial" for a constitutional challenge); *see also New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2159 (2022) (Alito, J., concurring) (describing the dissent as "chastis[ing] the Court for deciding [a Second Amendment] case without a trial and factual findings"). And when a case goes to trial, the parties must present factual evidence developed through the discovery process.

While some courts have recognized that discovery may not be warranted where APA claims and constitutional claims are duplicative, the same is not true where an APA claim and a constitutional claim are distinct. *See California v. DHS*, 612 F. Supp. 3d 875, 895–97 (N.D. Cal. 2020) (collecting cases and describing this distinction). Here, Florida's constitutional claims "diverge" in a "meaningful way." *Id.* at 897. Florida's constitutional claims make a wholesale challenge to a federal funding condition, whereas Florida's APA claim challenges Defendants' discrete actions implementing a small part of that condition. *See* Doc. 1 at 31–39. In fact, Florida's prayer for relief asks the Court to reach the APA claim only

if it rejects the constitutional claims because the constitutional claims would provide broader relief remedying more of Florida's injuries. *See* Doc. 1 at 40.

Moreover, even where the record rule governs review of the merits of a claim, a party is still entitled to obtain evidence to prove standing. *See, e.g.*, *Florida v. United States*, No. 3:21-cv-1066, 2023 WL 2399883, at *14–16 (N.D. Fla. Mar. 8, 2023) (making factual findings on standing after a trial); *United States v. Texas*, 599 U.S. 670, 709 (2023) (Alito, J., dissenting) (discussing a trial on standing). While Defendants have not contested standing here, Florida has the burden to prove standing regardless, *see Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1268 (11th Cir. 2019) ("The plaintiff bears the burden of establishing each element [of standing.]"), and that obligation cannot be waived, *see Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). Florida is therefore entitled to seek discovery relevant to standing. *See* Fed. R. Civ. P. 26 advisory committee's note to 1946 amendment ("The purpose of discovery is to allow a broad search for facts, the names of witnesses, or *any other matters that may aid a party in the preparation or presentation of his case*." (emphasis added)).

* * *

Earlier this year, the Eleventh Circuit affirmed a sanctions order against the federal government because the government claimed to be "exempt from the rules of discovery" and, based on that erroneous position, "engag[ed] in dramatic abuse of the discovery process" by insisting it could litigate a case "without ever being deposed." *CFPB v. Brown*, 69 F.4th 1321, 1323 (11th Cir. 2023). Unfortunately, it appears that was not an isolated incident. Accordingly, this Court should grant Florida's motion, enforce its previous order, and require Defendants to provide initial disclosures.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry Whitaker (FBN 1031175)
SOLICITOR GENERAL

*/s/ Natalie Christmas*
Natalie Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL

Anita J. Patel (FBN 0070214)
ASSISTANT BUREAU CHIEF

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Natalie.christmas@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF SERVICE

I certify that on November 20, 2023, a true and correct copy of the foregoing was

filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Natalie Christmas*
Counselor to the Attorney General
